IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONALD K. DAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-cv-579-RAH-JTA |
| | ) | |
| ALABAMA DEPARTMENT OF MENTAL HEALTH, | ) | (WO) |
| | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court for screening prior to service of process pursuant to 28 U.S.C. § 1915(e). Plaintiff Donald K. Day, proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States. (Docs. No. 1, 7.) This action was referred to the undersigned for further proceedings and determination or recommendation as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 6.)

For the reasons stated herein, the undersigned finds that this action is due to be dismissed because the court lacks subject matter jurisdiction over Plaintiff's claims.

### I.   STANDARD OF REVIEW

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. The purpose

of § 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A dismissal pursuant to § 1915(e)(2) may be made *sua sponte* by the court prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id.* at 324.

In addition, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Yet any leniency cannot serve as a substitute for pleading a proper cause of action. *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.  FACTUAL ALLEGATIONS

Plaintiff filed his Complaint on September 29, 2022, naming the Alabama Department of Mental Health ("Alabama DMH") as the defendant.  (Doc. No. 1.)  Plaintiff complains that, from 1980 to 2022, he was subjected to the following: "not allowed religious services[,] confined to [his] room, freedom of speech denied, freedom of religion denied, freedom of press denied, freedom of worship denied, [and he] ha[d] to go to room to speak in tongues or expressed [sic] his beliefs."  (*Id*. at ¶¶ 4, 5.)  Plaintiff seeks as relief "$2 million a year per year."  (*Id*. at ¶ 6.)

## III.  DISCUSSION

The undersigned has carefully reviewed the Complaint in this case pursuant to 28 U.S.C. § 1915(e).  Upon review, the undersigned finds that this case should be dismissed for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes.  *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986) (Stevens, J., dissenting).  "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."  *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).  *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  This inquiry should be done at the earliest stage in the proceedings

3

and *sua sponte* whenever subject matter jurisdiction may be lacking. *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

Plaintiff's claims against Alabama DMH are foreclosed by the Eleventh Amendment. The Eleventh Amendment provides that the "[j]udicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. "[A] suit in which the State or one of its agencies or departments is named as defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984); *see also Carr v. City of Florence,* 916 F.2d 1521, 1524 (11th Cir. 1990) ("Although the express language of the [Eleventh] [A]mendment does not bar suits against a state by its own citizens, the Supreme Court has held that an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens." (citing *Hans v. Louisiana,* 134 U.S. 1 (1890))). Congress has not abrogated Eleventh Amendment immunity in cases brought under 42 U.S.C. § 1983. *Carr*, 916 F.2d at 1525. Furthermore, the State of Alabama has not agreed to be sued for violations of an individual's civil rights. *See* Ala. Const. art. I, § 15 ("[T]he State of Alabama shall never be made defendant in any court of law or

4

equity."); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (citing Ala. Const. art. I, § 14, now codified as § 15).

The Eleventh Circuit has held that "[t]he Alabama Department of Mental Health and Mental Retardation is a department of the state government. Ala. Code § 22–50–2 (1990)." *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1502–03 (11th Cir. 1995). In addition, this court has found "that the Alabama Department of Mental Health and Mental Retardation is an agency, department or instrumentality of the State, and is therefore entitled to Eleventh Amendment immunity. . . ." *Susan J. v. Riley*, 616 F. Supp. 2d 1219, 1231 (M.D. Ala. 2009). Hence, the Alabama DMH, as a state department and arm of the state, is entitled to sovereign immunity in this case. Accordingly, Plaintiff's claims alleged against Alabama DMH are due to be dismissed without prejudice for lack of subject matter jurisdiction. *Nichols v. Ala. State Bar*, 815 F.3d 726, 733 (11th Cir. 2016) (finding the district court properly dismissed the § 1983 action without prejudice for lack of subject matter jurisdiction because Alabama State Bar was an arm of the state).

## IV. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for lack of subject matter jurisdiction prior to service of process.

It is further

ORDERED that **on or before January 23, 2023**, Plaintiff may file objections to this Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Plaintiff is advised that frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 6th day of January, 2023.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE